Argued and submitted October 5, affirmed December 5, 1984

CRUM,
*Appellant,*

*v.*

GRANT et ux,
*Respondents.*

(7177; CA A29906)

692 P2d 147

Timothy G. Garlock, Heppner, argued the cause for appellant. With him on the brief were Herman W. Winter, and Winter and Doherty, Heppner.

Garry Reynolds, Hermiston, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a judgment for defendants on plaintiff's claim and on defendants' counterclaim for rescission of a contract between the parties. We affirm.

On July 22, 1981, plaintiff and defendants entered into a contract whereby plaintiff sold a tavern to defendants. Several months later, defendants began to experience severe problems with the septic tank system. They informed plaintiff of the problem and demanded the return of their purchase money. Plaintiff refused. Defendants took no formal action against plaintiff at that time, and they continued to operate the tavern and make their monthly payments under the contract.

In early November, 1982, defendants met with state officials from the Department of Environmental Quality, the Department of Health and the Oregon Liquor Control Commission. The officials warned defendants that, because of the health hazards posed by the septic tank problems, defendants' licenses might not be renewed. As a result, defendants decided to close the tavern and to attempt to reopen when the septic tank was repaired.

Defendants advertised a going-out-of-business sale for November 19. The purpose of the sale was to deplete the tavern's inventory before closing. Plaintiff learned about the sale and discovered that defendants had removed certain personal property from the tavern in what he believed was a breach of the contract. He testified that, just before November 19, defendants told him that they intended to close the tavern and sue him.

On November 20, plaintiff requested and was denied permission to view the premises. That evening, he welded hasps and placed padlocks on the front and side doors of the tavern and welded a bar across the back door. He left a note stating, "Closed in self-defense. If you need in, call me."

On November 22, 1982, plaintiff's attorney sent defendants a letter informing them that they were in default of the contract and that by its terms they had 30 days to cure the default. The letter alleged that they were delinquent on certain tax payments and the latest installment on the contract and that they had removed certain personal property

from the tavern in violation of the contract. The letter also stated that in order to "protect and preserve the property" plaintiff had filed suit for specific performance.

The complaint alleged that defendants were in default as set forth in the letter and sought specific performance or, in the alternative, strict foreclosure. Defendants filed an answer containing a counterclaim for rescission based on misrepresentation and breach of contract. In April, 1983, plaintiff filed an amended complaint, adding a "second cause of action" for anticipatory repudiation. The amended complaint alleged that, by advertising and conducting a going-out-of-business sale and by becoming insolvent, defendants had totally repudiated the contract. It also alleged that defendants' insolvency constituted an actual breach of contract.

The case was tried to the court sitting without a jury. The trial court found that defendants were not in default on the tax and contract payments allegedly due, because the 30-day period allowed to cure a default had not expired. It found that the going-out-of-business sale did not constitute an anticipatory repudiation and that, although defendants were experiencing some financial difficulties, plaintiff had not been aware of them. Further, the trial court noted that plaintiff, having terminated the contract on the basis of an actual breach, could not later change his position by urging an anticipatory repudiation theory. Finally, the court found that plaintiff breached the contract by locking defendants out of the tavern and that defendants therefore were entitled to rescission.

Plaintiff assigns as error the trial court's failure to consider his anticipatory repudiation claim. There is no merit to this assignment, because the trial court did consider that claim. Plaintiff's theory was that defendants' alleged insolvency and the going-out-of-business sale constituted an anticipatory repudiation. The only allegations of defendants' insolvency were that they were delinquent on the tax and contract payments and that they had conducted a going-out-of-business sale. The trial court, however, found that defendants were not delinquent on those payments. It found that, although defendants were having other financial difficulties, plaintiff was not aware of them. Further, it found that the going-out-of-business sale was not a "positive, unconditional

refusal to perform the contract." *See Swick v. Mueller et ux.,* 193 Or 668, 676, 238 P2d 717 (1951). Clearly, the trial court considered and rejected plaintiff's anticipatory repudiation theory.[1]

■■ Plaintiff's next assignment is that the court erred "in confusing the issue of insolvency as it related to actual breach and as it related to motive for Defendants' anticipatory repudiation." The contract provided that insolvency constituted a default. Plaintiff offered evidence of defendants' alleged insolvency to prove both actual breach and anticipatory repudiation. Nothing in the record shows that the trial court confused the theories. As noted above, the trial court made findings contrary to each of plaintiff's allegations of defendants' insolvency. Thus, the trial court found the evidence of insolvency to be wanting as it related either to actual breach or anticipatory repudiation. Because the trial court implicitly found that defendants were not insolvent, plaintiff could not prevail under either theory.

Affirmed.

---

[1] Plaintiff also assigns as error the trial court's finding that, having terminated the contract on the basis of actual breach, plaintiff could not later pursue an anticipatory repudiation theory. Because the trial court nevertheless proceeded to consider and reject that theory, plaintiff's assignment of error is moot.